<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

AURELIO MEJIA,                     :

                                          Civil Action No. 07-1645 (RMB)

          Petitioner,     :

          v.                :        **OPINION**

DEPARTMENT OF HOMELAND     :
SECURITY, U.S. CITIZENSHIP &
IMMIGRATION SERVICES,      :

          Respondent.     :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>          Counsel for Respondent
Aurelio Mejia               Susan J. Steele
Fort Dix FCI                Assistant U.S. Attorney
East: P.O. Box 2000         U.S. Attorney's Office
Fort Dix, NJ 08640          970 Broad Street
                            Suite 700
                            Newark, NJ 07102


**BUMB**, District Judge

        Petitioner Aurelio Mejia, a prisoner currently confined at

the Federal Correctional Institution at Fort Dix, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241[1] seeking an order directing the Department of

_____

        [1] Section 2241 provides in relevant part:

        (a) Writs of habeas corpus may be granted by the
        Supreme Court, any justice thereof, the district courts
        and any circuit judge within their respective
        jurisdictions.
        (c) The writ of habeas corpus shall not extend to a

Homeland Security, Bureau of Citizenship and Immigration Services, to provide him with a certificate of citizenship.  The sole respondent is the Department of Homeland Security, Bureau of Citizenship and Immigration Services.

## I.  BACKGROUND

Petitioner asserts that he was born in the Dominican Republic on April 5, 1974, the natural son of Ana Mejia Santos. Petitioner does not name his natural father.  In 1983, his mother married Manuel Then, a naturalized U.S. citizen,[2] and moved to the United States, leaving Petitioner in the Dominican Republic.

In 1988, Petitioner's step-father applied to bring Petitioner to the United States.  On the Petition for Alien Relative, Mr. Then described Petitioner as his "step-child." Similarly, on his Application for Immigrant Visa and Alien Registration, Petitioner identified Mr. Then as his step-father. Petitioner entered the United States as a Legal Permanent Resident on September 13, 1988.

On April 11, 2003, Petitioner was sentenced in the U.S. District Court for the Southern District of South Carolina to a term of imprisonment of 108 months, as a result of his conviction for conspiracy to possess with intent to distribute more than 5

---

prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner's stepfather was naturalized in 1969.

kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1).
Petitioner is presently confined pursuant to that sentence.
While confined, Petitioner submitted to the Department of
Homeland Security, Bureau of Citizenship and Immigration
Services, a Form N-600, Application for Certificate of
Citizenship.  Petitioner asserts that he has derived U.S.
citizenship through the naturalization of his step-father, Mr.
Then.  The Department of Homeland Security denied the claim of
citizenship.  Petitioner's appeal was rejected as untimely.  This
Petition followed.

Respondent asserts that this Court lacks jurisdiction in
habeas to grant Petitioner the relief he seeks, as Petitioner is
not "in custody" in connection with any removal or other
immigration proceedings.  In addition, Respondent asserts that
Petitioner has failed to establish any entitlement to a
declaration of citizenship.

II.  ANALYSIS

To invoke habeas corpus review by a federal court, a federal
prisoner must satisfy two jurisdictional requirements: the status
requirement that the person be "in custody," and the substance
requirement that the petition challenge the legality of that
custody on the ground that it is "in violation of the
Constitution or laws or treaties of the United States."  28
U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490

3

(1989); 1 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus</u>
<u>Practice and Procedure</u> § 8.1 (4th ed. 2001).  As Petitioner is
not in custody pursuant to any immigration proceeding, and a
decision in his favor would not lead to immediate or earlier
release, Petitioner's citizenship claim is not properly brought
in habeas.  However, this Court may re-characterize the nature of
the Petition to avoid "inappropriately stringent application of
formal labeling requirements."  <u>See</u> <u>Castro v. United States</u>, 540
U.S. 375, 380-81 (2003) (citing <u>Haines v. Kerner</u>, 404 U.S. 519,
520 (1972)).  Accordingly, this Court will re-characterize the
Petition as one arising under 8 U.S.C. § 1503(a).

Title 8 U.S.C. § 1503(a) provides, in pertinent part:

> If any person who is within the United States claims a
> right or privilege as a national of the United States
> and is denied such right or privilege by any department
> or independent agency, or official thereof, upon the
> ground that he is not a national of the United States,
> such person may institute an action under the
> provisions of section 2201 of Title 28 against the head
> of such department or independent agency for a judgment
> declaring him to be a national of the United States,
> except that no such action may be instituted in any
> case if the issue of such person's status as a national
> of the United States (1) arose by reason of, or in
> connection with any removal proceeding under the
> provisions of this chapter or any other act, or (2) is
> in issue in any such removal proceeding.  ...

The Immigration and Nationality Act requires that a person
asserting a claim of derivative citizenship initially apply to
the INS for a Certificate of Citizenship.  <u>See</u> <u>U.S. v. Breyer</u>, 41
F.3d 884, 891-93 (3d Cir. 1994); 8 U.S.C. § 1452; 8 C.F.R.

§ 341.1-.7 (1994).  Only if such an applicant is denied a Certificate of Citizenship may he or she then initiate a declaratory judgment action in federal court pursuant to 8 U.S.C. § 1503(a).  Breyer, 41 F.3d at 891.  Petitioner made such an application that was denied.

Petitioner's claim of citizenship rests primarily upon the argument that the Child Citizenship Act of 2000, Pub.L. No. 106-395, 114 Stat. 1631, ("CCA"), codified at 8 U.S.C. § 1431, applies retroactively to afford him derivative citizenship based upon his step-father's naturalization in 1969, prior to the CCA's effective date of February 27, 2001.[3]  The CCA provides, in pertinent part, that a child born outside of the United States automatically becomes a citizen of the United States when at least one parent becomes a citizen of the United States while the child is under the age of eighteen years.  8 U.S.C. § 1431.  However, the CCA does not apply retroactively to confer derivative citizenship on those, such as Petitioner, who are no longer minors as of its effective date.  See, e.q., Morgan v. Attorney General, 432 F.3d 226, 230 n.1 (3d Cir. 2005); Lawal v. Ashcroft, 89 Fed.Appx. at 776-77, 2004 WL 235036 at *2 (3d Cir. 2004) (citing Drakes v. Ashcroft, 323 F.3d 189, 191 (2d Cir. 2003)); United States v. Arbelo, 288 F.3d 1262, 1263 (11th Cir.),

_____

[3] The CCA became effective 120 days after it was signed into law on October 30, 2000.  Pub. L. No. 106-395, Title 1, § 104, 114 Stat. 1633 (2000).

5

cert. denied, 537 U.S. 911 (2002); Hughes v. Ashcroft, 255 F.3d 752, 759-60 (9th Cir. 2001); Nehme v. INS, 252 F.3d 415, 431 (5th Cir. 2001).  See also Ali v. Ashcroft, 2005 WL 43720, *2, Nos. 02-3761 and 03-3112 (7th Cir. Jan. 11, 2005).  Thus, Petitioner did not retroactively acquire derivative citizenship, under the Child Citizenship Act of 2000, through the naturalization of his step-father.

In addition, Petitioner asserts citizenship under the automatic citizenship provision codified at 8 U.S.C. § 1432, as enacted in 1978, and later repealed.  Under neither § 1432, in effect in 1978, nor § 1431, enacted in 2000, does Petitioner meet the definition of "child" as that term was, and remains, defined in 8 U.S.C. § 1101(c)(1), which controls the automatic acquisition of citizenship upon the naturalization of a parent. The operative definition of "child" includes only certain legitimated natural children and certain adopted children. Petitioner does not allege that he is either the legitimated natural child or the adopted child of his step-father. Accordingly, Petitioner has not established that he acquired derivative citizenship under either § 1431 or § 1432, based upon the naturalization of his step-father.

This Court makes no finding as to whether Petitioner is a United States citizen by virtue of any other provision of law.

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: <u>December 17, 2007</u>

7